PHEBE BURNETT et al. *v.* STRONG AND BURNETT, Executors, &c.

There are no technical appropriate words which always determine whether a a devise be on condition precedent or subsequent. The same words have been determined differently, and the question is always one of intention, to be collected from the whole will.

No expression is used by the testator in this case, which would justify the supposition that he intended that his brother (G. B.) should surrender the possession which he had of property, or that his interest as a vested estate, should depend as a condition precedent upon his paying the debts due from the estate.

It was only intended by the will to make the payment of the debts mentioned a charge upon the property, which the devisee had the privilege afterwards to satisfy, and in the mean time to have the use and benefit of the property. *Held*, that the payment of the money is a condition subsequent to the vesting of the devisee's interest in the property, and it was not the duty of the executors to return the slaves or the proceeds of the crop raised upon the land, in the inventory of the testator's estate.

The probate court has no power to determine the legal interest to property of mere strangers.

ON appeal from the probate court of Monroe county; Hon. W. A. Tucker, probate judge of Monroe county.

A sufficient statement of the facts of this case will be found in the opinion of the court.

*Dowd* and *Murphey*, for appellants.

The statute (Hutch. Code, 660, § 75) requires of every executor, administrator, &c., to file a complete and perfect inventory of all the personal assets of his decedent. Without a faithful discharge of this important duty, it is impossible for him to perform his subsequent duties, and a neglect to do so, is a direct fraud on the rights of the heirs, creditors, and distributees.

The statute (Hutch. Code, 662, § 85) provides that unless a complete inventory shall be returned within six months, his letters shall be revoked, and he removed from the trust, upon the application of any party interested.

This court has determined that the probate court has juris-

Burnett et al. *v.* Strong and Burnett.

diction of a bill or petition to compel an administrator or executor to complete his inventory. *Ratcliff* v. *Ratcliff*, 12 S. & M. 134. This necessarily carries with it the power to determine the question of whether the inventory has been completed or not, and this can only be ascertained by determining on the bill, answer, and proofs, whether or not the property specified in the petition or bill belonged to the decedent.

The bill in this case is filed by the legatees under the will of Daniel Burnett, deceased, alleging that Benjamin Strong and Greenville Burnett, the executors, have failed to place on their inventory two hundred and twelve shares of bank stock, and about thirty negroes, with their increase since the 28th of September, 1839. That under the 13th clause of the will, the executors were authorized to cultivate the lands with the slaves of decedent, which the executors have done, but have not accounted for the annual proceeds of the labor of the slaves, the production of this plantation, &c. &c. If these allegations are true, the prayer of the bill should be granted.

If G. Burnett claims under the will, he thereby admits that D. Burnett held the fee-simple title. In the clause under which G. Burnett claims, D. Burnett asserts his own title to the property as " the property which G. Burnett formerly owned."

No person shall take any benefit under a will and at the same time set up any right or claim of his own which shall defeat, or in any way prevent, the full effect and operation of any part of the will. *Hapgood* v. *Houghton*, 22 Pick. 482; *Hyde* v. *Baldwin*, 17 Pick. 308.

The mere fact that D. Burnett, through considerations of kindness, allowed his brother to live on the place at the date of the will, does not affect D. Burnett's title even as to the creditors of G. Burnett. *Berryman* v. *Sullivan*, 13 S. & M. 65.

If, therefore, G. Burnett claims the property independent of the will, he has shown no title; if he claims under the will, he can only take such estate as the will gives him. This brings us to the consideration of the main question in the case. What estate does G. Burnett take under the tenth clause of the will?

The payment of the sum of $8,000, which G. Burnett owed his brother, D. Burnett, and the payment of $7,000 which

D. Burnett owed the Bank of Alabama, on account of said property, was a condition precedent, to be performed by G. Burnett before he took any thing under the will.

The language of the tenth clause of the will is : " It is my will and desire that my brother, G. Burnett, shall have section fourteen, township sixteen, of range east, and the negroes he formerly owned, which are now in his possession, on his paying all that he owes me, and the debt I owe the branch of the Bank of the State of Alabama, at Decatur, which debt I owe on account of this property," &c.

How is this clause to be construed?

1. The words of a will are to be construed and taken in their ordinary grammatical sense, and their plain and obvious meaning. 2 Jar. on Wills, 526; *Maturly* v. *Strode*, 3 Ves. 454; *Chambers* v. *Brailsfields*, 2 Merivale, R. 24; 19 Ves. 653; *Doe* v. *Greening*, 3 Maule & Sel. 171.

The rule of interpretation is, that the intention of the testator must be ascertained from the language of the will itself, and must be carried into effect. Words are to be taken in their ordinary grammatical sense, unless there is a plain intention to use them to the contrary. When there is no ambiguity in the words, there is no room for interpretation. *Vannerson* v. *Culbertson*, 10 S. & M. 153.

2. Parol evidence cannot be admitted to add to, explain, or contradict the contents of a will. 1 Jar. on Wills, 343–345.

The rule has been established by the courts as far back into antiquity as we can trace their history, and has been adhered to through all time with unflinching steadiness. When the construction is doubtful, parol evidence cannot be admitted. *Mann* v. *Mann*, 14 Johns. R. 1, 9.

Words have often been used by the draftsmen to convey a different estate from what the testator designed; and yet it has always been decided, that parol evidence cannot be admitted to prove that the testator meant to convey a different estate from what the will expressed. *Chappel* v. *Avery*, 1 Conn. R. (N. S.) 270; *Farrer* v. *Ayers*, 5 Pick. 407; *Cary* v. *Birten*, 2 Verm. 388. The testimony of Mr. Goodwin should have been excluded in the court below, because it creates a different estate

from the will, and adds to it clauses and bequests unknown to the face of the paper.

The only exceptions to the rule are :· 1. To .counteract fraud, as in *Doe* v. *Allen*, 8 Durnf. and East, 147.   2. To establish or rebut a resulting trust, as in *Strickland* v. *Alridge*, 9 Ves. 519. 3. To identify the person of the legatee or the property devised, as in *Sanford* v. *Raikes*, 1 Merivale, R. 646; *Ongley* v. *Chambers*, 8 Moore, 665; *Smith* v. *Smith*, 1 Edw. Ch. R. 189; and 4 Paige, 271.

These cases establish the principle, that the testimony of Mr. Goodwin comes within neither of these exceptions, and we are to look to the will alone for the intention of the testator in this case.

3. Whenever the legacy is given in consideration of an act to be done by a legatee, the condition is always precedent.   To this rule we have been unable to find any exceptions.   It was laid down by Chief Justice Willes in the case ·of *Archerly* v. *Vernon*, Willes, R. 143.   It is laid down and commented on by Jarman, in his treatise on Wills, vol. 1, 672, and fully sustained in the case of *Lester* v. *Garland*, 15 Ves. 256.   It is manifest that D. Burnett did not give the legacy of the land and negroes to his brother, G. Burnett, as a gratuity, or for love and affection, but in consideration of the money to be paid. *Lusk* v. *McNamer*, 2 Cushm. 58.

4. Whenever the enjoyment of the legacy is to commence after the happening of the condition, the condition is precedent. Will. R. 153 ; 2 Bos. & Pull. 297; *Lester* v. *Garland*, 15 Ves. 246.

We have seen, that by the common meaning of the language employed, and according to its grammatical construction, the payment of the money was to precede the possession of the legacy.   *Gillet* v. *Ray*, 1 P. Will. 284, is a case in point.

*Lock. E. Houston*, on the same side, filed an elaborate written argument.

*R. Davis*, for appellees,
In reply, contended that the will did not speak until the

death of the testator, and that construction is to be placed on it according to the matters as they stood at the time the will was executed. 2 Vern. 653. The words, "I will," or "I de-, vise," in a will, amount to an express devise. 2 Vern. 467.

The circumstances all show that D. Burnett regarded his will as a mere trust; and Goodwin's testimony goes to show this.

G. Burnett might have sold the property to raise the money due from the estate. 2 Vern. 152. Thus showing the payment by him to be a condition subsequent to the right to take possession of the property.

The time of payment is patent from the face of the will. 14 Johns. R. 1. The circumstances and every material fact is explained by Goodwin's testimony. 2 Paige, Ch. R. 131; Jar. on Wills, 350, &c.

A will must be construed so that all its parts may be carried out. 1 Johns. Ch. R. 231. The time of payment is a latent ambiguity in the will, which is susceptible of explanation. 22 Wend. 148.

The payment to be made by G. Burnett is evidently subsequent. 3 Peters, 374. The terms and wording of the will show that the testator intended the title to the property was to be held by the executors in the nature and character of a mortgage. Jar. on Wills, 355, &c.

Where the ambiguity in a will is so plain as to elude all interpretation, parol proof is admissible to explain it. *Id certum est, quod certum reddi potest.* 22 Wend. 150.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed in the probate court of Monroe county, by the widow and heirs of Daniel Burnett, deceased, against the appellees, as executors of Daniel Burnett, alleging that the executors have failed to return in their inventory two hundred and twelve shares of bank stock, and some thirty negroes, with their increase, and have not accounted for the annual proceeds of a plantation on which these negroes were employed, which plantation, negroes, and proceeds, belong to the estate of the testator. The bill prays for an account of this property, and

that the executors make their final settlement; that their letters be revoked, and they removed from their trust, for failing to return a complete inventory, &c.

The answer denies that the testator owned the bank stock at the time of his death, and alleges that before his death, he had sold it to one Wightman, and took from him three notes for upwards of eight thousand dollars, which have been duly reported to the probate court as insolvent. It appears that an agreement was made between the testator and John Goodwin and Abner Prewett, as to their respective interests in the settlement and sale of the bank stock held by them. But it is not shown how the settlement was made. It appears by the testimony of Goodwin, that the testator had taken the notes of Wightman in connection with the business, and both Goodwin and Prewett prove that the transaction relative to their interests in the bank stock have not been settled, and Prewett states that the business was not then in a condition to be settled, and that he would owe nothing on account of it to the estate. The matter is confused and unintelligible as to its true condition, in the manner in which it is presented in the record. But it does not sufficiently appear that the testator was the owner of any particular amount of bank stock, or of any particular security therefor, at the time of his death, to justify us in holding that the probate court erred in refusing to cause the executors to make themselves accountable for such bank stock, by returning it in their inventory as of the assets of the estate.

The answer denies that the negroes and the proceeds of the plantation mentioned in the bill are part of the assets of the estate, and should be inventoried as such; and claims that Greenville Burnett, one of the executors, has a right to the possession of the slaves and the use of the proceeds of the plantation, under the tenth clause of the will of the testator, which is as follows: " It is my will and desire that my brother, Greenville Burnett, shall have section fourteen, township sixteen, range six east, in Monroe county, and the negroes he formerly owned that are now in his possession, on his paying all that he owes me, and the debt I owe the Branch Bank of Alabama at Decatur, which debt I owe on account of this property; the amount

he owes me, I believe about eight thousand dollars, and the amount I owe said branch bank is, I believe, between six and seven thousand dollars." He then provides, that if " his executors ever realize any thing" from certain specified judgments, suits, and land claims, they " shall apply the proceeds also to the credit of my said brother," after deducting costs and expenses.

The answer states that Greenville Burnett had possession of this property at and before the death of his brother, the negroes having been sold as his property, under a deed in trust to the Branch Bank of Alabama, at Decatur, and purchased by the testator, who executed his note to the bank for the purchase-money, which was unpaid at the time of his death; that the testator purchased the land at marshal's sale; that Greenville Burnett held possession of the property at the time of the testator's death, upon an agreement between them; that if he would pay the debt due the testator, and the debt for which the testator was liable to the bank, the property was to belong to him. Greenville Burnett claims the right to retain said property, and pay the debts under the 10th clause of the will, and by its true spirit and intent. He states that he has paid off the bank debt, and has partly paid the debt due the testator, and is proceeding as rapidly as possible to pay the residue.

The proof establishes the purchase of the property by the testator, at trustee's and marshal's sales, as stated in the answer, and it is admitted that the debt assumed to the bank by the testator, and mentioned in the 10th clause of the will, has been paid by Greenville Burnett, the debt consisting of notes due in one, two, three, and four years, from the 15th June, 1842. The will is dated the 16th October, 1844, and the testator died in November, 1844.

On the hearing, the probate court dismissed the bill, and from that decree, the widow of the testator has taken this appeal.

1. The controversy here arises upon the 10th clause of the will, and the first question presented is, was the payment of the sums of money by Greenville Burnett, a condition to be performed by him before he was entitled to any thing under the

will, or was a present interest devised to him to be perfected by the subsequent payment of the money ?

This question must be solved by ascertaining what was the intention of the testator; and in order to do this, we must consider the whole will, and with reference to the circumstances in which the testator and devisee were placed, affecting the property devised.

Chief-Justice Marshall has stated the rule in relation to estates upon condition precedent or subsequent in the following clear and comprehensive manner. " There are no technical appropriate words which always determine whether a devise be on condition precedent or subsequent. The same words have been determined differently, and the question is always a question of intention. If the language of the particular clause or of the whole will, shows that the act on which the estate depends must be performed before the estate can vest, the condition is of course precedent; and unless it be performed, the devisee can take nothing. If, on the contrary, the act does not necessarily precede the vesting of the estate, but may accompany or follow it, if this is to be collected from the whole will, the condition is subsequent." *Finlay* v. *King's Lessee*, 3 Pet. 374, 375.

Let us apply these rules to this will. In the first part of the clause under consideration, the testator employs the words " shall have " the property " on his paying all that he owes," &c. These terms certainly indicate that the estate should not vest until the money should be paid; and if there was nothing further in the will, that construction would prevail. But other expressions in this clause of the will, show that the property mentioned, or a considerable portion of it, were then in possession of his brother; that a large part of the debt required to be paid, was due by the testator on account of the same property, which he had purchased as the property of his brother, and had not paid for; and in the latter part of the clause, he provides further means to enable his brother to pay the debts, directing that, if his executors ever realized any thing from the suits, and other claims, they should be applied to the benefit of his brother and in discharge of the debts required to be paid. No expres-

sion is used which would justify the supposition, that he intended that his brother should surrender the possession which he then had. His object was, doubtless, to benefit his brother and enable him to pay the debt. The use and enjoyment of the property were the principal means by which the debts were to be paid; and to presume that he intended to deprive him of the possession, would be to suppose that he intended to deprive him of the means to pay the debt, when he seems to have been anxious to provide him the facilities to pay it. This would be to presume that he intended to defeat his own manifest object.

This entire clause of the will shows a lenient and benevolent disposition towards his brother, for he allows him the benefit of the claims directed to be applied to the payment of these debts, at any time that any thing should be realized from them. This provision is entirely incompatible with the supposition that the interest of the brother, as a vested estate, should depend, as a condition precedent, upon his paying the debts; because this would require the application of the money to the benefit of an estate in his brother which had been divested; and the title to which had revested in the testator's heirs and representatives.

It is evident, from the entire clause of this will, and from the fact that no other disposition is made of this property in terms in any other part of the will, that it was only intended to make the payment of the debts mentioned a charge upon the property which the devisee had the privilege afterwards to satisfy, and in the mean time to have the use and benefit of the property. Courts have shown no disposition to apply the strict rules applicable to conditions precedent in covenants and other contracts to last wills and testaments; and have looked rather to the circumstances of the bequest, and the nature and object of the condition, so as to give the devisee the full benefit of the testator's bounty, than to the strict words. *Creswell* v. *Lawson*, 7 Gill & Johns. 227; *Beck* v. *Montgomery*, 7 How. 39; *Lucas* v. *Lockhart*, 10 S. & M. 466.

We are, therefore, of opinion, that, under a just construction of this will, the payment of the money is a condition subsequent to the vesting of the devisee's interest in the property,

and, accordingly, that it was not the duty of the executors to return the slaves, or the proceeds of the crops raised upon the land in the inventory of the testator's estate.

2. But if this view were not correct, we should yet be disposed to hold, that the property here involved could not be reached in the manner attempted by this bill, because, 1st. Its effect is to submit a question of legal title or interest for the adjudication of the probate court, against a party who, so far as his individual claim to the property is concerned, is not amenable to that tribunal, and certainly that court has no power to determine the legal interests of mere strangers. 2d. By the payment of the purchase-money due by the testator to the bank in Alabama, Greenville Burnett acquired an equitable, if not the legal, title to the negroes; and it was not competent for the probate court to interfere with or embarrass that right by causing him, as one of the executors, to inventory the property as of the estate of the testator.

Upon the whole case, we are satisfied that the bill should not have been entertained, and the decree is accordingly affirmed.