### James F. Leach *vs.* Samuel Wilbur.

If the plaintiff in an action to recover damages for bringing a malicious suit against him upon a note, has, for the purpose of showing a want of probable cause, introduced in evidence a discharge in insolvency previously obtained by him, the defendant may introduce evidence to show that the discharge was invalid; and for this purpose evidence of the plaintiff's declarations is competent.

In an action for a malicious suit, declarations of the plaintiff that he did not direct the action to be brought and wished to stop it are competent evidence against him.

If no specific instructions are asked for as to damages, in an action for a malicious suit, it is sufficient to instruct the jury that, if they find for the plaintiff, they are to give such a sum as will indemnify him for the injuries he has sustained by the wrongful acts of the defendant.

A new trial will not be granted on account of a remark by the officer who had charge of the jury, in reply to an inquiry by one of them how long the court would keep them together, that "he did not know but they would have to stay till Saturday night;" there being no evidence of any design on the part of the officer to favor either party, or that any such effect was produced by his reply.

Tort to recover damages for bringing a malicious suit against the plaintiff upon a promissory note.

At the trial in the superior court, before *Brigham*, J., the plaintiff testified that he employed one attorney and consulted several others in reference to the suit against him, and paid to one attorney $10, and expended other sums for carriage hire, and devoted several days to the preparation and trial of the case. In order to show a want of probable cause for bringing the suit, he put in evidence a discharge in insolvency obtained by him, taking effect as of December 18th 1858. The defendant was then, against the plaintiff's objection, allowed to call two witnesses to testify to declarations of the plaintiff that prior to his going into insolvency he did various acts in violation of the insolvent laws; and that quite recently the plaintiff had stated that the present action was brought without his directions; that he had no knowledge of it until informed by Townsend; that he wished to see if he could not stop it; that if he carried it on and recovered anything, Townsend would get it all; and that the reason why he became confused in his testimony at a former trial was because Townsend had instructed him to testify to some things which were not true, and, in testifying under these circumstances, he became confused.

The only instruction given by the judge upon the question of damages was, that the jury, if they found for the plaintiff, would give him such a sum as would indemnify him for the injuries he had sustained by the wrongful acts of the defendant.

The jury returned a verdict for the plaintiff, with $10.33 damages; and the plaintiff moved to set it aside, because of misconduct and irregularity on the part of the jury, and of the officer having them in charge.

At the hearing of this motion, it appeared from the testimony of the officer who had charge of the jury that between four and five o'clock in the morning (the jury having retired about 5 P. M. of the preceding day, Thursday,) one of the jurors asked him how long the court was going to keep them there, to which the officer replied that he did not know but they would have to stay there till Saturday night; and that a little after five o'clock of the same morning the jury agreed, sealed up their verdict and separated.

The judge overruled the motion. The plaintiff alleged exceptions.

*S. R. Townsend*, for the plaintiff, cited *Shea* v. *Lawrence*, 1 Allen, 167; *Commonwealth* v. *Roby*, 12 Pick. 519; *Sargent* v. *Roberts*, 1 Pick. 339; *Knight* v. *Freeport*, 13 Mass. 218.

*C. I. Reed*, for the defendant.

DEWEY, J. 1. The plaintiff having put into the case his discharge in insolvency, for the purpose of showing want of probable cause in the suit instituted by the defendant, it seems quite clear that any evidence tending to invalidate the discharge was relevant and proper.

2. The evidence of the witnesses as to statements made by the plaintiff was competent.

3. The instruction to the jury upon the subject of damages was sufficient, in the absence of any request for more specific directions.

4. No sufficient ground is shown for sustaining the exception to the ruling of the court overruling the motion of the plaintiff for a new trial on account of the alleged misconduct and irregularity on the part of the jury and the officer having charge of

them.   To sustain the exception, the plaintiff must show that the court was, by the rules of law, required to set aside this verdict.   But in our opinion the facts present no such case.   That an irregularity occurred must be conceded, as the more proper course for the officer would have been to decline giving any answer to the inquiry of the juror.   But there was no officious intermeddling on the part of the officer, nor any attempt or previous purpose on his part to hasten the jury to an agreement as to their verdict.   His answer to the inquiry of the juror affirmed nothing but his want of knowledge how long the jury would be required to remain together.   The defendant may properly object to the motion to set aside this verdict, there being no evidence of any design on the part of the officer to favor either party, or that any such effect was produced by this reply. If the conduct of the officer was irregular, he might properly be punished therefor ; but the facts as stated well authorized the presiding judge to refuse to grant the motion of the plaintiff to set aside the verdict for this cause.   *Commonwealth* v. *Roby*, 12 Pick. 520.                                              *Exceptions overruled.*