## EDWARDS v. MURRAY.

CONFLICTING EVIDENCE—REVIEW OF—INSTRUCTIONS—ORDER OF ARGUMENT TO JURY—CONDUCT OF OFFICER IN CHARGE OF JURY—EXPERT TESTIMONY AS TO VALUES.

1. Where the evidence is conflicting, an appellate court will not disturb the verdict, unless there is an utter lack of evidence to sustain it, or, at least, a very great preponderance of evidence against it.

2. Where the instructions given fairly state the law of the case, a refusal to repeat them in instructions asked for is not prejudicial error.

3. In an action on a contract for a balance due upon a sale of sheep, the petition alleging a performance on the part of plaintiff of the conditions of the contract, which was denied

in the answer, it was necessary for him to establish his cause of action by evidence of such performance; and he was entitled to the opening and closing arguments to the jury; notwithstanding that the burden of proof was upon defendant as to some matters alleged in the answer as an affirmative defense.

4.   It was not error to permit a witness to answer a question touching the expense of shipping sheep from another place, to the neighborhood where sheep were to be delivered under contract, for the purpose of aiding in establishing the value of sheep at the place of their delivery.

5.   That a bailiff in charge of a jury while considering on their verdict, upon asking them if they had agreed, said to them, in answer to a question from a juryman as to when the judge would call them into court, "I suppose some time next week," is not such irregular conduct as will justify a reversal of a judgment rendered upon the verdict subsequently returned by the same jury.                           .

[Decided December 28, 1894.   Commenced in District Court, July 22, 1893.]

ERROR to District Court for Laramie County.   HON. RICHARD H. SCOTT, Judge.

This action was originally brought in the District Court for Albany County and transferred on change of venue to Laramie county.   Edward S. Murray sued to recover balance due from Griff W. Edwards upon a written contract for the sale and delivery of certain sheep.   The officer in charge of the jury, after their retirement, in answer to a question from a juryman as to when they would be called into court, said: "I suppose some time next week."   He made affidavit that said remark was made thoughtlessly, and in a joking manner, without any intent to influence the jury, or to bias or prejudice the right of any of the parties.   The affidavit attached to the motion for new trial on this point was made by one of defendant's attorneys, and was to the effect that in the court room on Saturday afternoon, while the jury were out, the bailiff stated that he thought the jury would soon reach a verdict, for the reason that he had told them that if they did not agree the judge would let them stay out until

Monday evening; and that, in a few minutes thereafter the jury returned into court with a verdict. The other facts, so far as the proceedings in error are concerned, sufficiently appear in the opinion.

*Clark & Beard, C. C. Hamlin* and *John F. Mail,* for plaintiff in error.

The court having instructed the jury that the burden of proof was upon the defendant below upon the question of fraud and fraudulent representations; and under the instructions the only issue submitted to the jury being that question, the defendant had the right to open and close the argument. (Bank v. Metcalf, 29 Mo. App., 284; Huntington v. Conkey, 33 Barb., 218; 1 Thomp. on Tr., Secs. 231, 233; 35 Neb., 372.) The statement of the bailiff to the jury was prejudicial to plaintiff in error. (Obear v. Grey, 68 Ga., 182; Chalston v. Chalston, 31 id., 625; Cole v. Swan, 4 G. Greene, 32; People v. Knapp, 42 Mich., 257.) The verdict is against the evidence. The evidence of the witness Young was incompetent and immaterial.

*Lacey & Van Devanter,* for defendant in error.

Where the plaintiff has anything to prove under any one of several issues, in the first instance in order to recover, the right to open and close is with him. (Thomp. on Tr., Sec. 232 and cases cited.) The officer's statement to a juryman contained no threat, and was not calculated to mislead the jury. (State v. Wart, 51 Ia., 587; Daniel v. Frost, 62 Ga., 697; Price v. Lambert, 3 N. J. L., 122; Wiggins v. Downer, 67 How. Pr., 65; Taylor v. Everett, 2 id., 23; Pope v. State, 26 Miss., 121; Leach v. Wilbur, 9 Allen, 212; Darling v. R. R., 17 R. I., 708.) The brief of plaintiff in error raises no point as to sufficiency of evidence, as it merely states that the evidence was insufficient. It does not comply with the rules of this court. However, the evidence was sufficient. The admission of Young's testimony is not discussed in the brief. The objection thereto is, therefore, waived. The motion for new trial does not complain of such testimony, and

the objection is, for that reason, also waived. (Rules 13, 14, 21.)

CONAWAY, JUSTICE.

On September 12, 1892, by written contract between the parties, defendant in error sold to plaintiff in error "six thousand eight hundred (6,800) head of one and two year old wethers, all branded with an 'S' brand, and a part of them branded with an 'M' brand, being the one and two year old wethers purchased by the said party of the first part from Seldom, Ridge & Pebbles and V. S. Acord." It appears that instead of Seldom, Ridge & Pebbles there should have been written Seldomridge & Pebbles, a clerical error in reducing the contract to writing. These sheep were to be delivered by defendant in error to plaintiff in error at Rock Springs, Sweetwater County, Wyoming, on June first, 1893, or at any time in May of that year, upon reasonable notice by plaintiff in error.

Defendant in error contracted to "handle, run, herd and care for" the sheep, at his own expense, but as agent or bailee for plaintiff in error, and to give them all proper care and attention until such delivery, and to run them in bands of not more than twenty-seven hundred each, and to make good any loss that might occur, by other wethers of the same age and grade, and deliver not less than six thousand eight hundred head, and to deliver them in a good and clean condition, but if they should be found to be scabby, to pay for dipping them; and if they should become scabby during the winter of 1892-93, to dip them as soon as the weather would permit.

The consideration paid and to be paid by plaintiff in error was twenty-two thousand nine hundred and fifty dollars. Seventeen thousand was paid at the execution of the contract, and five thousand nine hundred and fifty dollars was to be paid on the delivery of the sheep. On May 22, 1893, a delivery of the requisite number of sheep was made upon the written request of plaintiff in error.

The plaintiff in error alleges certain violations of the contract by defendant in error, and certain fraudulent repre-

sentations by which plaintiff in error was induced to enter into such contract, on account of which plaintiff in error refused and still refuses to make the final payment of five thousand nine hundred and fifty dollars.

To recover this sum, with interest from June first, 1893, defendant in error brought this action in the District Court of the Second Judicial District for Albany County, setting forth the contract and alleging compliance, on his part, with its terms.

Plaintiff in error admits the making of the contract, and by way of defense and counter claim alleges that he had no opportunity to examine the sheep when he made the purchase, but relied upon false and fraudulent representations of defendant in error that the sheep were of a grade and quality better than they, in fact, were, to the damage of plaintiff in error, in the sum of twelve thousand seven hundred and fifty dollars; and that defendant in error negligently handled and cared for the sheep and allowed them to become diseased and scabby, to the damage of plaintiff in error in the sum of six thousand dollars; and that plaintiff in error was compelled to pay for dipping the sheep the sum of two hundred and thirty-eight dollars. Plaintiff in error prays judgment for eighteen thousand nine hundred and eighty dollars.

There was a trial by jury and a verdict and judgment in favor of defendant in error for four thousand eight hundred and twenty dollars and seventy-five cents.

Plaintiff in error claims that the verdict and judgment is "against the weight of evidence and contrary to the evidence on the question of the assessment of damages awarded to defendant in error." As to this, it is only necessary to say, that the evidence was conflicting. It was the proper province of the jury to consider the evidence and to determine the question of damages. It is well settled that an appellate court will not interfere in such cases, unless there is an utter lack of evidence to sustain the verdict, or at least a very great preponderance of evidence against it. We cannot say that this is such a case.

Error is assigned in the giving and refusing of a number of instructions to the jury over the objection of plaintiff in error. It appears that the law of the case was fairly stated in the instructions given. That it was not repeated in instructions asked for is not prejudicial error.

It is assigned as error that the court refused to allow plaintiff in error the opening and closing argument to the jury. Defendant in error (plaintiff below) first presented his evidence in chief to the jury, and after the evidence of plaintiff in error was produced, introduced further evidence in rebuttal, without objection on the part of plaintiff in error. Some things alleged in the statement of the cause of action in the petition of defendant in error were denied in the answer of plaintiff in error. It was not purely and simply a plea in confession and avoidance, but was something more. It was necessary for the defendant in error, in order to establish his cause of action in full to show by evidence a performance on his part of the conditions of his contract by him to be performed, which performance was alleged by him and denied by plaintiff in error. This he was allowed to do, without objection, by first introducing his evidence. Under these circumstances he was entitled to the opening and closing argument.

The damages were not liquidated. 1 Thompson on Trials, Secs. 229, 232, and 233.

The admission of the testimony of Joseph Young is assigned as error. This testimony tended to show the value of sheep at Rock Springs, and as bearing upon that point, their value at Colorado Springs, and the expense of shipping from that point to Rock Springs. Mr. Young was introduced as an expert, acquainted with the price of such sheep as those delivered at Rock Springs. It would be a very strict rule to hold it prejudicial error that he testified that he was acquainted with these particulars tending to show his thorough acquaintance with the subject.

It is assigned as a cause for reversing the judgment, that the bailiff, when he asked the jury if they had agreed upon a verdict, was asked by one of the jurymen when the judge

would call them into court, and replied,. "I suppose some time next week." In support of his contention on this point, plaintiff in error cites Obear v. Gray, 68 Ga., 182; Grolston v. Grolston, 31 Ga., 625; Cole v. Swan, 4 G. Greene (Iowa), 32; People v. Knapp, 42 Mich., 257. An examination of these cases shows that in each case the irregularity in the conduct of the officer was much more serious and more adapted to influence wavering jurymen than was the conduct of the bailiff in this case at bar. The cases cited on behalf of defendant in error show that irregular conduct of officers more serious than this has not been considered cause for reversal. See The State v. Swart, 51 Iowa, 587; Daniel v. Frost, 62 Ga., 697; Price v. Lambert, 3 N. J. Law, 122 (star page 401); Wiggins v. Downer, 67 How. Pr., 65; Taylor v. Everett, 2 How. Pr., 23; Pope v. State, 26 Miss., 121; Leech v. Wilber, 9 Allen (Mass.), 212; Darling v. Railroad Co., 17 R. I., 708.

We find no prejudicial error in this record. *The judgment of the district court is affirmed.*

GROESBECK, C. J., and CORN, J., concur.