## STATE v. THORENCE DAHL.[1]

February 3, 1922.

No. 22,671.

**Corroboration of accomplice—what constitutes an accomplice.**

1. In a prosecution under section 8656, G. S. 1913, the female is not an accomplice of the defendant and her testimony need not be corroborated as required by section 8463, G. S. 1913. Unless a witness could be indicted, either as principal or accessory, for the offense with which the defendant is charged, he is not an accomplice within the meaning of section 8463.

**Credibility of witness.**

2. Acts of lewdness on the part of the female with men other than the defendant may not be proven to affect her credibility as a witness.

[1]Reported in 186 N. W. 580.

Conviction sustained.

    3. The evidence was sufficient to support a verdict convicting the defendant.

Defendant was indicted by the grand jury of Norman county charged with the crime of carnal knowledge of a female child of 15 years, tried in the district court for that county before Grindeland, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

   *John M. Hetland, Lloyd Hetland* and *Christian G. Dosland,* for appellant.

   *Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *M. A. Brattland,* County Attorney, for respondent.

LEES, C.

Defendant has appealed from an order denying a motion for a new trial and from judgment after his conviction of the crime of having carnal knowledge of a girl 15 years of age. Three grounds are relied upon for a reversal: (1) That the prosecutrix and the defendant were both guilty of the crime of fornication, as defined by chapter 193, p. 195, Laws 1919, and were therefore accomplices, and defendant could not be convicted on the girl's testimony without the corroboration required by section 8463, G. S. 1913; (2) that the court erred in excluding testimony of criminal acts on the part of the prosecutrix with other men, for the reason that such testimony bore on her credibility as a witness; (3) that the verdict of guilty is not supported by the evidence.

   1. To determine whether a witness is an accomplice, the test is this: Could the witness have been indicted, either as principal or accessory, for the offense with which the defendant is charged? State v. Durnam, 73 Minn. 150 [165], 75 N. W. 1127; State v. Gordon, 105 Minn. 217, 117 N. W. 483, 15 Ann. Cas. 897; State v. Lyons, 144 Minn. 348, 175 N. W. 689. The offense for which defendant was indicted is defined by section 8656, G. S. 1913. Manifestly the

prosecutrix could not have been indicted for that offense. The first contention cannot, therefore, be sustained.

2. The second point is disposed of adversely to defendant's contention by the recent case of State v. Perry, 151 Minn. 217, 186 N. W. 310.

3. The circumstances under which the offense was committed, as related by the prosecutrix, seem improbable. Her prior acquaintance with defendant was limited to two or three casual meetings. A dance was held at a village some six miles from her home. Both attended it, and, though they did not go together, he proposed to take her home. They left in a Ford car driven by a young man, one of defendant's friends. The prosecutrix and the defendant occupied the rear seat. The road was good and for the first half of the trip they raced with another car, which they finally passed. A railroad track was crossed four or five times. According to the prosecutrix, intercourse took place in the car during the latter half of the trip. This was denied by the defendant, and the driver of the car corroborated him to a certain extent. The truth or falsity of the particulars to which the prosecutrix testified was for the determination of the jury. Her story is not so incredible that we must pronounce it pure fabrication. On cross-examination defendant admitted that throughout the trip he had his arm around the prosecutrix and that after her home was reached he left the car with her and was absent five or ten minutes. A week or two later he wrote her a letter, which is in evidence and tends to show that their relations were exceedingly intimate, considering the short period of their acquaintance.

We find nothing in the record indicating that the prosecutrix had any ill-will towards defendant or any motive to actuate her in making a false charge against him. In their essential features the circumstances are somewhat similar to those in State v. McPadden, 150 Minn. 62, 184 N. W. 568. We decline to interfere with the verdict, approved as it was by the trial judge after a fair and temperate trial had been accorded the defendant.

The order denying a new trial and the judgment of conviction are affirmed.