## STATE v. MELVIN McREADY.[1]

January 26, 1923.

No. 23,268.

**Conviction sustained.**
1. The evidence is sufficient to sustain the verdict and to establish the fact that the offense was committed in Anoka county.

**New trial not necessary.**
2. The newly discovered evidence was not of a character to justify a new trial.

**Verdict not to be impeached by affidavit of jurors.**
3. Affidavits of jurors are not admissible to impeach their verdict.

**Misconduct of sheriff.**
4. The misconduct of the sheriff was not of sufficient consequence to affect the result or justify a new trial.

Defendant was indicted by the grand jury of Anoka county, tried in the district court for that county before Giddings, J., and a jury and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John P. Coleman* and *Donald G. Hughes,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Will A. Blanchard,* County Attorney, for respondent.

TAYLOR, C.

The defendant was convicted of the crime of taking indecent liberties with a female child under the age of seven years, and appeals from an order denying a new trial.

1. Defendant contends that the verdict is not justified by the evidence. To rehearse the evidence would serve no useful purpose. If the story of the child be true, defendant took indecent liberties

[1]Reported in 191 N. W. 816.

with her. There is strong corroborating testimony. Defendant denied all the acts charged. The question was for the jury.

2. Defendant also contends that the evidence fails to show that the offense was committed in Anoka county. We think this fact sufficiently appears. It was not questioned at the trial. The record shows that the child resided with her parents at Fridley and attended the Fridley school; that the offense was committed near their home; that the defendant and several of the witnesses also resided at Fridley, and defendant's own testimony shows that Fridley is in Anoka county.

3. Defendant further contends that the court ought to have granted a new trial on the ground of newly discovered evidence. The new evidence is set forth in an affidavit made by an older girl who also attended the Fridley school, and is to the effect that on their way to school on the next day after the child had testified before the grand jury, the child said that she was not afraid to talk to the grand jury because her mother had told her what to say. The child made an affidavit in which she denied making any such statement and said that her mother at all times told her to tell the truth and nothing but the truth. This newly discovered evidence is clearly insufficient to justify granting a new trial.

4. Defendant presented the affidavits of some of the jurors to the effect that they had misunderstood the charge and had rendered their verdict in the belief that the charge was for indecent exposure of the person. That a verdict cannot be impeached by the affidavits of the jurors is too well settled to require discussion. State v. Lentz, 45 Minn. 177, 47 N. W. 720; Hurlburt v. Leachman, 126 Minn. 180, 148 N. W. 51; Brown v. Duluth S. S. & A. Ry. Co. 147 Minn. 167, 179 N. W. 1003.

5. Defendant further contends that the sheriff was guilty of misconduct for which a new trial should be granted. When taking the jury to one of their meals, the sheriff, in answer to an inquiry from one of the jurors as to how long they could be kept out, stated in substance that that was for the judge to determine, and that they might be kept for a week if they failed to agree earlier. The jury were sent out just before noon and returned their verdict about

half past 4 in the afternoon of the following day. Whether the statement of the sheriff was made on the first day or the second does not appear. It was clearly improper and censurable, but we think it was not of sufficient consequence to affect the result, or to justify a new trial. The remark had no bearing on the question of the guilt or innocence of the defendant, and as it informed the jury that the length of time they would be held rested with the judge, a fact they must be presumed to have known, we fail to see how any harm could have resulted from it. We cannot think that our juries allow such thoughtless remarks of their attending officer to affect their verdict. See Alexander v. State (Miss.) 22 South 871; State v. Cady, 46 La. Ann. 1346, 1350, 16 South 195; Leach v. Wilbur, 91 Mass. 212; Larsen v. Chicago U. T. Co. 131 Ill. App. 286, 291; Edwards v. Murray, 5 Wyo. 153, 38 Pac. 681.

Order affirmed.