## STATE v. WENZEL KRAUS, JR.[1]

### July 6, 1928.

### No. 26,817.

**Conviction sustained.**

1. The verdict finding defendant guilty of the crime of carnally knowing a girl under the age of consent is sustained by the evidence.

**Misconduct of bailiff in charge of jury.**

2. Misconduct of the bailiff in informing the jury that unless they agreed before midnight they would be kept until morning *held* not ground for reversal. Affidavits of jurors as to statement of bailiff and how they stood at the time are not admissible to impugn their verdict.

**Verdict of not guilty in bastardy proceeding inadmissible.**

3. Verdict of not guilty in a proceeding to charge defendant with paternity of the child to which the girl gave birth is not admissible in evidence.

**When evidence of illicit relations of complaining witness is admissible.**

4. Evidence that the girl had illicit relations with others is not admissible in defense or in mitigation of punishment. But where the prosecution shows as corroborative evidence that the girl became pregnant, defendant may show intercourse with others within the period in

[1]Reported in 220 N. W. 547.

which conception might have taken place. The court correctly limited the cross-examination as to such acts to acts within that period.

**Proof of statements made before commission of offense admissible.**

5. The girl and her younger brother testified that they went to defendant's house on the evening the act is claimed to have been committed to get certain articles given to the brother. Proof of statements showing their purpose made before the commission of the offense was permissible.

Criminal Law, 16 C. J. p. 1236 n. 50; 17 C. J. p. 355 n. 10. .
Judgments, 34 C. J. p. 972 n. 24.
Rape, 33 Cyc. p. 1454 n. 28; p. 1481 n. 82; p. 1491 n. 52.

See 14 L.R.A.(N.S.) 716; L. R. A. 1916B, 965; 22 R. C. L. 1209.

Defendant appealed from an order of the district court for Brown county, Gislason, J. denying his motion for a new trial. Affirmed.

*Pfaender & Glotzbach,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *T. O. Streissguth,* County Attorney, for the state.

TAYLOR, C.

Defendant was convicted of the crime of carnally knowing Viola Schroeder, a girl 17 years of age, and appeals from an order denying a new trial.

In March, 1927, Viola made a complaint before a justice of the peace in which she charged defendant with the crime of carnal knowledge committed on October 8, 1926. Apparently at the same time, she made two other complaints before the same justice. In one she charged Eric Peglow with a similar crime committed about January 1, 1926; in the other she charged Reinhold Peglow with a similar crime committed on or about February 1, 1926. Defendant was brought to trial in May, 1927, upon an information filed by the county attorney in which he was accused of having committed the crime on or about October 8, 1926. The jury disagreed. On June 27, 1927, Viola gave birth to a child. Thereafter a complaint was

filed under the bastardy law charging defendant with the paternity of the child. He was tried upon this charge in December, 1927, and on December 17 the jury returned a verdict of not guilty. On January 2, 1928, defendant was again placed on trial on the charge of carnal knowledge, and on January 3, 1928, the jury found him guilty.

1. Defendant contends that the verdict is not sustained by the evidence. It rests upon the testimony of Viola and her 12-year old brother, Herman. The Schroeder family consisted of the father, mother and these two children. They resided in the city of New Ulm. During the summer of 1926 Viola worked for a farmer several miles from the city, but returned home on Sunday, October 3, 1926. Defendant built a dwelling house in the same block in which the Schroeders resided, and he and his wife moved into it in September, 1926. It was not then finished, but they occupied the basement and slept in a bedroom which opened out of the kitchen. At the trial in May and at the trial of the bastardy case Viola stated that she returned home on Sunday, October 3, 1926, and that the act was committed on the following Friday, October 8, but also stated in the course of her testimony that it was "near around October 8th." At the present trial she stated it was October 8 or 9. The date became material because defendant claims to have established conclusively that it could not have taken place on October 8, and that the weight of evidence also shows that it did not take place on October 9.

The boy Herman says that in the afternoon of October 8 he helped defendant pile wood in the basement and in return for helping was given some old inner tubes and some copper wire to sell to the junk man; that after supper he asked Viola to go with him to get the tubes and wire and take them to the junk shop; that they went over to defendant's house, where defendant gave him the tubes and wire and also 15 cents to buy a package of tobacco; that they went to the junk man and sold the tubes and wire for 25 cents, and then bought a package of tobacco with the 15 cents and returned to defendant's house to deliver the tobacco; that they went into the

kitchen and sat down; that defendant was alone in the house; that at defendant's suggestion after they had talked a few moments he offered to split some wood in the basement; that defendant went down with him and got the ax for him and then went back upstairs; that in five or ten minutes defendant came down for him and they went back to the kitchen; that Viola was sitting in the chair in which she was sitting when he went to the basement; that they visited for a few minutes; and that he and Viola then went home.

Viola gives the same account of these occurrences. But she further testifies that while Herman was splitting wood defendant took her to the bed in the bedroom and had intercourse with her. Although she states that she had never spoken to defendant before this evening, she does not claim to have made any resistance. Defendant denies the statements of Herman and Viola in every particular and is corroborated by his wife. He presents a mass of other evidence from which it appears that the occurrences to which they testify could not have taken place on October 8. He and his wife and two other relatives also testify that the four were at the house on the evening of October 9 and that neither Herman nor Viola were there that evening. In answer to questions asked on cross-examination both Herman and Viola stated that the house was lighted by electricity when they were there; that there was a sink in the kitchen and that the door from the rear hall to the kitchen swung into the kitchen; and Herman also stated that there was a furnace in the basement. Defendant showed that the electric lights and the sink were not installed until October 14, that the door swung into the hall, and that the furnace was not installed until November. Defendant urges these and other inconsistencies as discrediting their testimony.

To corroborate their testimony the prosecution called a stepsister of defendant, who stated that in the early part of October Herman and Viola passed her carrying some inner tubes and wire; that she asked where they were going, and Herman answered that he had got the tubes from defendant to take to the junk man. Each side produced considerable evidence not mentioned above tending to

discredit the testimony presented by the other. The testimony of the girl, if believed, is sufficient to sustain the verdict. The jury believed it, and we cannot say that she was discredited to such an extent that they were not justified in believing it. The trial court has approved the verdict, and for reasons frequently stated in prior cases it must stand. State v. Kampert, 139 Minn. 132, 165 N. W. 972; State v. Schmidt, 155 Minn. 440, 193 N. W. 954; State v. Witt, 161 Minn. 96, 200 N. W. 933; State v. Miller, 171 Minn. 187, 213 N. W. 740.

2. Defendant urges misconduct of the bailiff in charge of the jury as ground for a new trial. It appears that between 10 and 11 o'clock in the evening of January 3, and while the jury were deliberating, the judge told the bailiff that if they did not agree by 12 o'clock he would not receive the verdict that night and to keep them "for the rest of the night." Shortly thereafter the door of the jury room was opened and the bailiff told the foreman in presence of the jury what the judge had said. This was highly censurable misconduct on his part; but the trial court did not deem it of sufficient importance to affect the result, and we think it is not a sufficient ground for this court to grant a new trial. State v. McReady, 154 Minn. 366, 191 N. W. 816; State v. Broughton, 154 Minn. 390, 192 N. W. 118; Collins v. State, 78 Ga. 87; State v. Burton, 172 N. C. 939, 90 S. E. 561; McFalls v. State, 66 Ark. 16, 48 S. W. 492.

In support of this contention, in addition to the affidavit of the bailiff, defendant submitted the affidavits of four of the jurors setting forth what the bailiff said and how the jury stood at that time. These affidavits were clearly inadmissible. Knowlton v. McMahon, 13 Minn. 358 (386), 97 Am. D. 236, and numerous subsequent cases cited in 5 Dunnell, Minn. Dig. (2 ed.) § 7109. However in rebuttal the prosecution presented an affidavit signed by all 12 of the jurors stating that they reached their conclusion solely from a consideration of the evidence and were influenced in no way by the statement of the bailiff.

3. Defendant offered in evidence the verdict of not guilty in the bastardy case, and insists that the court erred in excluding it. The ruling was correct. The time to move to set aside the verdict and for a new trial had not expired and no judgment had been entered. "It is the general rule that a verdict without the judgment is inadmissible as evidence of the facts found." 4 Jones, Ev. (2 ed.) 3515. "A verdict without a judgment in a case like this is of no validity, either as an estoppel or as evidence." Smith v. McCool, 16 Wall. (83 U. S.) 560, 561, 21 L. ed. 324. There are exceptions to the general rule, but this verdict does not come within them. Furthermore, even if a judgment had been entered, it would not have been admissible. Under our statute proceedings to determine paternity are civil actions. It is the general rule that a judgment in a civil action is not admissible in a criminal prosecution as evidence of the facts involved therein. 34 C. J. 972, § 1389; 15 R. C. L. 1000, 1004; State v. Wenz, 41 Minn. 196, 42 N. W. 933. While there are some exceptions to this rule, they do not apply to the facts in this case.

4. Defendant offered in evidence the complaints against Eric and Reinhold Peglow and on cross-examination of Viola sought to show that she had had illicit relations with them. She denied any such relations with them within the period in which conception might have taken place. The court permitted all questions as to such relations within that period, but excluded the complaints and all questions intended to disclose her relations with them prior to that period. Defendant insists that the court erred in thus restricting the cross-examination.

In a prosecution for carnal knowledge of a girl under the age of consent, the fact that she may have had illicit relations with other men in no way affects the question of the guilt or innocence of the accused, and cannot be proved either as a defense or in mitigation of punishment. But where the prosecution, to corroborate the charge, presents evidence that the girl became pregnant or contracted a venereal disease, the defendant, to dispel or neutralize the inference which the prosecution would draw from her condition,

may show that she had intercourse with others at a time when such pregnancy or disease might have resulted therefrom. For that purpose, and for that purpose only, such evidence is admissible. State v. McPadden, 150 Minn. 62, 184 N. W. 568; State v. Perry, 151 Minn. 217, 186 N. W. 310; State v. Dahl, 151 Minn. 318, 186 N. W. 580; State v. Bebb, 125 Iowa, 494, 101 N. W. 189; State v. Height, 117 Iowa, 650, 91 N. W. 935, 59 L. R. A. 437, 94 A. S. R. 323; People v. Flaherty, 79 Hun, 48, 29 N. Y. S. 641, affirmed on opinion below, 145 N. Y. 597, 40 N. E. 164; State v. Mobley, 44 Wash. 549, 87 P. 815; Knowles v. State, 44 Tex. Cr. 322, 72 S. W. 398. While the court was perhaps unnecessarily strict in excluding introductory questions, the rulings challenged were correct.

5. The mother of the children was permitted to testify that after supper on an evening in the early part of October Herman asked permission to go uptown to take up some tires and copper wire which he had got for working, and asked Viola to go with him; and that they went and were gone an hour or more. Defendant insists that the court erred in admitting this testimony and also in admitting the testimony of defendant's stepsister, previously mentioned, in which she stated that when she saw Herman carrying the tubes and Viola carrying the wire she asked where they were going and Herman answered that he had got the tubes from defendant and was taking them to the junk man. This testimony tended to show the business in which the children were engaged and their movements immediately before the act is claimed to have been committed and the occasion for them to be at defendant's house. The statements were made before the offense was committed and also before there could have been any motive for making misstatements. They were in the nature of verbal acts explaining and characterizing the acts in which the children were engaged. The testimony was clearly relevant, and we are of opinion that there was no error in admitting it. As sustaining the ruling, see State v. Hayward, 62 Minn. 474 (483, ¶ 3), 65 N. W. 63; State v. Hunter, 131 Minn. 252, 154 N. W. 1083, L. R. A. 1916C, 566; State v. Doty, 167 Minn. 164, 208 N. W. 760; Hale v. Life Ind. & Inv. Co. 65 Minn.

548, 68 N. W. 182; Mathews v. G. N. Ry. Co. 81 Minn. 363, 84 N. W. 101, 83 A. S. R. 383. An extended discussion of the principle on which it is admitted will be found in Hunter v. State, 40 N. J. L. 495.

We find no other questions requiring special mention, and reach the conclusion that the order must be, and therefore it is, affirmed.

HILTON, J. took no part.