# STATE v. ANDREW MARUDAS.[1]

October 7, 1932.

No. 29,026.

*Ottocar Sobotka,* for appellant.

*Henry N. Benson,* Attorney General, and *Michael B. Hurley,* County Attorney, for the state.

HOLT, J.

Defendant, charged with carnal knowledge of a girl a little past 14 years old, was convicted of an attempt to commit the crime. He appeals from the order denying his motion for a new trial.

With great earnestness defendant's counsel contends that the verdict is not adequately supported. In prosecutions for offenses of this sort the law is that the uncorroborated testimony of the violated girl, if accepted as true by the jury, is sufficient to convict. State v. Dahl, 151 Minn. 318, 186 N. W. 580. Her testimony in the instant case was not inherently improbable as in State v. Connelly, 57 Minn. 482, 59 N. W. 479. Not only is the girl's story probable in the light of the surrounding circumstances, but we have here ample corroboration in the testimony of the girl's 20-year old sister, who was present at the time. And in addition to that, defendant's testimony was such that the jury could find therein abundant corroboration of the testimony of the injured girl. In fact, a reading of the record

[1]Reported in 244 N. W. 549.

leads to the conviction that the jury gave defendant more than the benefit of a doubt in finding him guilty of an attempt carnally to know instead of guilty as charged in the information.

Defendant was a mature man, in charge of a road construction crew camped near the home of the girls. He was married. After becoming acquainted with the girls, he took them out two or three times in his automobile. On each trip he says he had intercourse with the older girl. On July 7, 1931, the girls met him by appointment after dark a little way from their home. They got into his automobile. All partook of the bottle of whisky or moonshine he had in the car. They drove to Rutledge, about nine miles distant, and had some near beer, then back close to the girl's home. A jug of moonshine was procured on the way. Defendant parked the car on a side road. He left the car for a short time to have illicit relations with the older girl, according to his own story. The girls say he did so in the automobile also with the older, the younger being seated in the rear seat. They testify that he also attempted the same with the younger in the car. He says he set out that evening to go to a near-by lake to fish the next day, but the girls insisted on going along. After thus spending the greater part of the night in the automobile drinking and sleeping, they started for the lake, where they arrived shortly before daylight, aroused the owner of a summer cottage, and engaged it for a day. Defendant asserted that all three went to bed in the one bed. The girls testified that the younger went to bed with defendant and that the older slept on a couch in an adjacent room, an open doorway between. Because of rain they stayed in the cottage all forenoon. During this time the younger girl testified that defendant committed the offense with her. The owner of the cottage furnished some breakfast for them towards noon. They fished some during the afternoon, and as evening came on they left in the automobile and spent most of the night therein, driving very little.

Without taking into account defendant's admissions to the parties who took him into custody, is it any wonder that the jury were forced to the conclusion, from his own testimony, that he, half

drunk, attempted carnal knowledge of the younger girl? There were some contradictions in the testimony of the older girl, but these were for the jury. No useful purpose would be served by a further recital of the evidence. It is enough to say that seldom does a case of prosecution for carnal abuse of a girl present such a strong and conclusive corroboration of the story of the victim as in the instant case.

There was no request to charge offered. When the charge was concluded the court invited counsel to call attention to any errors or omissions. None were suggested by defendant's counsel. The defendant has had a fair trial. The evidence supports the verdict more than amply.

The order is affirmed.