## STATE v. MARY NEWELL.[1]

November 10, 1916.

Nos. 19,956—(9).

**Criminal law — manslaughter — evidence.**

1. The evidence in a prosecution for manslaughter resulting from an abortion is *held* to sustain the verdict of guilty.

**Same — declarations of victim competent — case followed.**

2. Declarations made by the woman while under treatment and before the abortion as to the treatment given by the defendant were competent, following State v. Hunter, 131 Minn. 252, and the evidence is *held* such as to justify the application of the rule stated.

**Same.**

3. The testimony of a woman that shortly prior to the date of the

[1]Reported in 159 N. W. 829.

---

Note.—Upon the question of admissibility of declarations of one upon whom an abortion is committed, against others charged with complicity therein, see notes in 35 L.R.A.(N.S.) 1084; L.R.A. 1916C, 570.

crime alleged the defendant had offered to perform an abortion upon her was competent in proof of the defendant's guilty or criminal intent.

**New trial — no abuse of court's discretion.**

4. Whether a new trial should be granted upon the ground of newly discovered evidence was within the sound discretion of the trial court, and it was not abused.

Defendant was indicted by the grand jury for procuring an abortion on a woman, was tried in the district court for Hennepin county, before Dickinson, J., and a jury which returned a verdict of guilty. From orders denying her motions for a new trial, defendant appealed. Affirmed.

*Donald G. Hughes,* for appellant.

*Lyndon A. Smith,* Attorney General, *John M. Rees,* County Attorney, and *Walter H. Newton,* First Assistant County Attorney, for respondent.

DIBELL, C.

The defendant was found guilty of the crime of manslaughter in the first degree in the commission of an abortion upon one Pansy Miller. The crime is defined by G. S. 1913, § 8610 (R. L. 1905, § 4882). The defendant appeals from an order denying her motion for a new trial upon the ground of insufficiency of evidence and errors of law, and from an order denying a like motion upon the ground of newly discovered evidence.

1. In passing upon the defendant's claim that the evidence does not sustain the verdict we do not undertake to detail the testimony. Mrs. Miller was a young married woman. She went to the home of the defendant with the avowed purpose, if the testimony of her husband and her mother is credited, of procuring an abortion. There is evidence that there was an abortion. The evidence that the defendant caused it is largely circumstantial, but it rather clearly points to her guilt. The question was for the jury, and the evidence very amply supports the finding.

2. One item of proof was the testimony of Mrs. Dudlin, the mother of Mrs. Miller, of a declaration of the latter made on February 14, 1915, as to the treatment given by the defendant. Mrs. Miller went to the home of the defendant on February 7. On February 13 she left

and went to her mother's home. She returned to the defendant's home on February 15 and died there on February 17.. In the meantime she was receiving some kind of treatment. The declaration referred to occurrences on February 9. It is conceded that if the declaration was prior to the abortion, and while Mrs. Miller was receiving treatment preparatory to it or in the course of its accomplishment, it was admissible as part of the *res gestae* within State v. Hunter, 131 Minn. 252, 154 N. W. 1083, L.R.A. 1916C, 566, where the question received exhaustive consideration. While the evidence strongly suggests that the abortion was complete on February 9, a consideration of it brings us to the conclusion that it is not conclusive, and that it might be found that it was incomplete at the time of .the declaration. The court submitted the question of fact to the jury, with the statement that if the abortion was complete at the time of the declaration it was without probative effect, and if incomplete it could be considered as part of the *res gestae*. The court committed no error in its ruling or instruction. We are not required to determine whether a declaration made in the course of treatment but after the actual abortion would be admissible on any ground.

3. There was received on behalf of the state the testimony of a woman who stated that, shortly before the date of the crime charged, she went to the defendant for the purpose of having an abortion performed and that the defendant consented to perform it. It was not performed. It is urged that the admission of this evidence, and other of like character, was error. The authorities approve such testimony. 1 Wigmore, Ev. §§ 302, 359; 5 Wigmore, Ev. § 359, and notes; Underhill, Crim. Ev. § 345; 1 C. J. p. 328, § 95; Clark v. People, 224 Ill. 554, 79 N. E. 941; People v. Hagenow, 236 Ill. 514, 86 N. E. 370; State v. Brown, 3 Boyce (Del.) 499, 85 Atl. 797; People v. Seaman, 107 Mich. 348, 65 N. W. 203, 61 Am. St. 326; People v. Hodge, 141 Mich. 312, 104 N. W. 599, 113 Am. St. 525. It is received for the purpose of showing a guilty or criminal intent in doing the act alleged to be criminal. It is not received in proof of the doing of the act nor for the purpose of making it more likely in the minds of the jurors that the accused committed the crime charged. The proper application of this rule of evidence does not infringe upon the general rule, illustrated by State v. Fitchette, 88 Minn. 145, 92 N. W. 527, and other cases, that it cannot be shown that the accused has committed other

crimes.  The court on request should clearly limit the scope of the evidence.

4. Upon the motion for a new trial upon the ground of newly discovered evidence the defendant offered proof tending to show that Mrs. Miller had herself, shortly prior to the date of the crime alleged in the indictment, sought by the use of drugs and by mechanical means to induce an abortion, and that she had received treatment from a local physician with a like purpose.  Whether a new trial should be granted upon the ground of newly discovered evidence was within the sound discretion of the trial court, and the record discloses no abuse of it.

Orders affirmed.