STATE v. A. H. DOTY.[1]

April 23, 1926.

No. 25,244.

**Conviction sustained by evidence.**
1. The evidence sustains the verdict finding the defendant guilty of manslaughter in the first degree.

**Statements of wife to her husband as to defendant's treatment admissible.**
2. It was not error to receive in evidence statements of a woman, upon whom it was charged that an abortion had been performed, to her husband, as to her treatment by the defendant, during its progress, following State v. Hunter, 131 Minn. 252.

**Proof of other abortions competent.**
3. Proof of other abortions by the defendant prior to or about the time the one charged *held* competent as showing willingness and readiness, or a guilty or criminal intent.

**Physicians' opinions not based on hearsay statements.**
4. The claim that physicians, called as experts, were allowed to base their opinions on hearsay statements made by the deceased to her husband, *held* not sustained by the record.

[1] Reported in 208 N. W. 760.

Abortion, 1 C. J. p. 325 n. 4; p. 329 n. 40, 41; p. 330 n. 62; p. 331 n. 70.
Criminal Law, 16 C. J. p. 589 n. 18; p. 592 n. 53; p. 756 n. 11; p. 903 n. 57; 17 C. J. p. 56 n. 16; p. 57 n. 27 New.
Homicide, 30 C. J. p. 317 n. 72.
See notes in 35 L. R. A. (N. S.) 1085; L. R. A. 1916C, 570; 13 R. C. L. 849; 3 R. C. L. Supp. 92.

Defendant appealed from a judgment convicting him of manslaughter in the first degree and from an order denying his motion for a new trial, Montgomery, J., in a prosecution in the district court for Hennepin county. Order and judgment affirmed.

*E. S. Cary* and *Simon Meshbesher*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Floyd B. Olson*, County Attorney, for respondent.

DIBELL, J.

Defendant was convicted of manslaughter in the first degree in performing an abortion, and appeals.

1. The evidence sustains the verdict. It tends to show that the woman went to the defendant's office to procure an abortion; that afterwards, and when she was suffering, her husband telephoned to the defendant, and he came to their home; that some kind of treatment was then given her; that a day or two later, when the husband returned from his work, the defendant was there giving her treatment; that he noticed blood-stained towels and a blood-stained surgical instrument; and that the defendant asked him to say nothing about an operation, but to say that there had been a miscarriage.

The evidence of the physicians justifies the finding, necessarily included in the verdict, that there was an induced abortion not necessary to save the woman's life. The corpus delicti is sufficiently proved, and the evidence is sufficient that the defendant committed the crime.

2. There were received in evidence statements made by the woman to her husband to the general effect that she was going to the defendant to procure an abortion, and that he was giving her

treatment to produce the result desired, made before the treatment was at an end. Such evidence was competent within State v. Hunter, 131 Minn. 252, 154 N. W. 1083, L. R. A. 1916C, 566, and State v. Newell, 134 Minn. 384, 159 N. W. 829. The Hunter case is reported, with a note, in L. R. A. 1916C, 566, 570-572.

3. There was evidence of two other abortions performed about the same time. Such evidence is competent in this class of cases for the purpose of showing a willingness and readiness, or a guilty or criminal intent. 1 C. J. 329; 1 Wig. Ev. (2 ed.) §§ 302, 359. State v. Newell, 134 Minn. 384, 159 N. W. 829, and cases cited. Such evidence is to be restricted to the limited purpose for which it is received. It is to be distinguished from evidence objectionable as proving merely other crimes. The danger of it is that a jury may convict because, though guilt of the crime charged is not proved, it is satisfied to convict because of other crimes. The court carefully cautioned the jury as to purpose of the testimony and how it should be considered.

4. The defendant claims that there was error in receiving the testimony of physicians giving their opinions as experts that an abortion had been produced because it was based in part on the testimony of the husband as to statements of his wife such as are mentioned in paragraph 2 of the opinion. The husband testified as to the condition of his wife, and her sickness and suffering during the treatment. Some of the physicians were present when his testimony was given, had assisted at the post mortem, or had been present thereat. They were asked to give opinions based on such testimony and the information acquired at the autopsy. The objection is that they were permitted to base their opinions on the hearsay statements of the wife, competent for a limited purpose only as held in the Hunter and Newell cases. We do not so construe the record. Counsel did not so regard it at the time. The evident purpose was to get the physicians' testimony, based on the physicians' knowledge obtained at the autopsy and the husband's testimony of her physical condition during the treatment, and this was proper, and not to get their judgment of the defendant's guilt or innocence.

The particular claim was not explicitly made at the trial. See State v. Baker, 161 Minn. 1, 200 N. W. 815.

There was a motion to quash the indictment upon the ground that certain books and surgical instruments had been taken from the defendant's office without his consent. The record does not show that they were used before the grand jury. There was a motion to compel the return of such property. There is nothing in these matters calling for specific consideration.

There is a claim of misconduct on the part of the assistant county attorney who prosecuted the case. That in his argument to the jury he said things which were improper may be conceded. We accept the trial court's view that there was nothing so serious as to require a new trial. No evidence was offered on behalf of the defendant. His counsel claim that counsel for the state, in his argument to the jury, referred to the failure of the defendant to testify, contrary to the direct command of the statute. Counsel came dangerously near doing so; but our view is that his language should not be so construed, and such was the view of the trial court.

The charge was entirely fair to the defendant, and an examination of the record discloses no reason for a new trial.

Order and judgment affirmed.