STATE v. TONY ZABROCKI.[1]

April 18, 1935.

No. 30,353.

[1] Reported in 260 N. W. 507.

*Gurnee & Ofstedahl,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General; and *E. D. Libera,* County Attorney, for the state.

DEVANEY, CHIEF JUSTICE.

This is an appeal from a conviction of manslaughter. The charge is that defendant, Tony Zabrocki, performed an illegal abortion upon the person of Aria Duellman, as a result of which she subsequently died. At the time here involved defendant was a photographer and maintained a shop or studio in the city of Winona, Minnesota. Deceased, Aria Duellman, was employed as a maid in a private home. She quit this position January 30, 1934. Miss Marjorie Johnson, the maid employed in the house next door to where deceased had been working, testified to several conversations had with deceased prior to this date relevant to deceased's pregnancy and her intent to go to defendant to have an abortion. One Lambert Bell testified to similar conversations. Another witness, Harry Rompa, substantiated this story. Deceased told two of these witnesses that she had given defendant ten dollars to buy the tools with which to perform the operation and gave all three of the witnesses to understand that defendant was to do the abortion.

On January 30, 1934, deceased rented a room in the Merchant's Hotel at Winona between eight and nine o'clock in the evening. The next day, January 31, she rented a room from Mrs. Alma Ket-

chum in a private home. The succeeding day, February 1, 1934, deceased died. There is no dispute but that death was caused by hemorrhage and infection, both the result of the abortion and the manner in which it was done. Defendant disclaims any connection with the abortion, denies all knowledge thereof, and claims to have been in his studio on the night of January 30 and out of town on a fishing trip most of the day of January 31. At the close of the trial the jury returned a verdict of guilty. The judgment of conviction was entered June 8, 1934, and from the judgment this appeal is taken.

Three questions are presented:

(1) Was the evidence sufficient to justify the verdict?

(2) Was the testimony of Miss Marjorie Johnson had with the deceased on January 31 improperly admitted?

(3) Did error occur in connection with the dismissal of the juror O'Brien?

■ We are of the opinion that there was ample evidence to sustain the conviction. A lengthy discussion of the evidence would serve no useful purpose. It was largely circumstantial. In a case such as this, where the operation was performed in secret and the person on whom it was performed is deceased, it must of necessity be so. The jury found guilt on the evidence as presented, and we cannot disturb their verdict. The trial court shared our view when, in his memorandum, he stated:

"The evidence is sufficient to warrant the verdict. While largely circumstantial, it was impossible to listen to it without reaching the conclusion that the defendant was in fact guilty."

■ Defendant claims the trial court erred in admitting Miss Johnson's testimony as to a conversation had with the deceased on January 31 after the performance of the operation. At this time deceased called Miss Johnson on the telephone and told her the operation was complete and that she was then at a private home. In this conversation deceased did not say who performed the operation and did not mention defendant at all. For this reason we do not think the admission of this evidence, if error, was prej-

udicial. The rule is well established that where a conspiracy exists, everything said, done, or written by one of the conspirators concerning the conspiracy is admissible as against the other conspirator or conspirators. But statements in the nature of a narration of past events after the conspiracy is ended or fully executed, as to measures taken in execution or furtherance of the common purpose, are not admissible against others engaged in the conspiracy. State v. Sweeney, 180 Minn. 450, 457, 231 N. W. 225, 73 A. L. R. 380. We may admit for purposes of argument that the conversation here in question was narrative and that it occurred after the consummation of the act for which the conspiracy was entered into. Yet we do not believe it was prejudicial to defendant since it in no way mentioned defendant nor tied him up to the alleged conspiracy. Clearly, under the rule of State v. Hunter, 131 Minn. 252, 154 N. W. 1083, L. R. A. 1916C, 566, and State v. Newell, 134 Minn. 384, 159 N. W. 829, there was no error in admitting declaration of deceased made before the abortion took place and while deceased was conspiring with defendant to perform the operation. Thus declarations of deceased made to Miss Johnson and others that she had secured defendant to perform the operation, that she had appointments with him, and that she had given him money with which to purchase tools, etc., were admissible.

■ At the close of the case and after the jury had been out for some time, they returned to the court for additional instructions. One of the jurors, Del O'Brien, apparently recalled during the deliberation that he had been on the grand jury in 1927 at the time defendant had been indicted for performing a like illegal operation. At the beginning of the trial O'Brien had been examined in the usual way and had been accepted. Both counsel were immediately called in when the jury returned for further instructions. The record indicates no more than that O'Brien disclosed to the other jurors the fact of his membership on the grand jury in 1927 by which this defendant had been indicted for a like offense. Both counsel agreed that O'Brien should be dismissed and that a verdict of 11 jurors would be sufficient. Defendant must now be bound by this agreement. State v. Sackett, 39 Minn. 69, 38 N. W. 773.

In some jurisdictions it is held that a defendant must have a jury of 12 men and that he cannot waive this constitutional safeguard. That he is entitled to such a verdict in this state cannot be doubted. But we think the defendant may waive this requirement if he cares to do so. Having waived it, he cannot later complain. It is difficult to follow defendant's argument that O'Brien's statement in the jury room prejudiced defendant's cause, for he informed the jury only of the fact that he was on the 1927 grand jury which indicted defendant for a like crime. Defendant had admitted the previous indictment and conviction for this previous crime several times during the trial. There was no showing that defendant was in any way prejudiced because Mrs. Wise served on the jury.

We have examined the other assignments of error and find nothing therein that would warrant the granting of a new trial.

Affirmed.

