## STATE v. FLOYD STAVE.·

158 N. W. (2d) 848.

May 10, 1968—No. 40,990.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, and *Robert A. Peterson,* County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

OTIS, JUSTICE.

This is an appeal from a conviction for burglary and theft arising out of the breaking and entering of a jewelry store in Crookston, Minnesota, on June 19, 1965. The issue is whether the testimony of accomplices was adequately corroborated under Minn. St. 634.04.[1]

The only testimony directly implicating defendant was given by his wife's two brothers, Raymond Delage and Lawrence Delage. Raymond was granted immunity from prosecution under § 609.09 at the request of the county attorney. Before defendant was tried Lawrence pled guilty to the burglary and was sentenced to prison.

---

[1] Minn. St. 634.04 provides: "A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

It was the testimony of Lawrence that at 7:30 or 7:45 p. m. on the night of the burglary, he broke into Rock's Jewelry Store on Robert Street in Crookston, gaining entrance through doors opening on an alley. At that time he did not remove any of the contents. About half an hour later, he entered the store again and stole some diamond rings. During the next hour, Lawrence saw both Raymond and the defendant on the street, and all three drove into the alley behind the jewelry store, entered it, and stole jewelry having a value of over $6,000. While on the premises Lawrence became alarmed by the presence of someone in an adjacent building, and they departed in haste.

Lawrence testified that Raymond got out of the car after it had gone a block and a half, saying "he didn't want any part of it anymore." Lawrence and defendant then drove out of town together in defendant's car and hid the jewelry in some bushes along the highway. On their way back to Crookston a water hose in defendant's car became disconnected, and they were obliged to stop at a service station to have it repaired. Shortly thereafter Lawrence and defendant converged in separate automobiles at the farm where the Delages lived, about 10 miles east of the city. Defendant claimed that he was there to see his estranged wife. For reasons which are not apparent in the record, a deputy sheriff appeared at the farm about the same time, questioned defendant briefly, and permitted him to go on his way. The officer at the same time gave a traffic ticket to Lawrence for having defective taillights. No arrests were made, and no one was detained. Defendant then drove on to Fosston, some 30 miles east of Crookston, where he attended a wedding party.

Defendant took the stand, denied any participation in the burglary, and claimed to have gone from a tavern to a gas station, then his wife's farm, and finally to Fosston.

As we have construed the requirements of § 634.04, corroboration need not be of sufficient weight to establish a prima facie case for conviction. Circumstantial evidence which clearly supports defendant's implication in the crime may be enough.[2] The defendant's presence in the

---

[2] State v. Eliason, 279 Minn. 70, 155 N. W. (2d) 465; State v. Connelly, 249 Minn. 429, 82 N. W. (2d) 489.

vicinity of the offense, in company with accomplices and under suspicious circumstances, will constitute adequate corroboration.[3]

Here we believe the testimony of the accomplices has been adequately corroborated in four respects. First, one James Holen testified that at the time of the burglary he observed a car in the alley near the jewelry store as he was shaking a dust mop out of the back door of a nearby office. He stated that a young man ran down the alley from the direction of the jewelry store, carrying a box which he placed in the car through the rear left door. Although the witness was unable to identify any of the three, he stated unequivocally that in addition to the person he saw running there were two other persons in the front seat of the automobile. His description of the getaway was substantially the same as that of Lawrence.

One Courtney Nelson testified that at about 10:30 on the evening of June 19, 1965, defendant drove into the service station where Nelson worked and had his water hose repaired. Nelson stated that defendant was then accompanied by his brother-in-law, Lawrence Delage, and that the car was overheated, from which fact Nelson inferred "[i]t was driven more than just a few blocks because it was real hot. It had lost most of its water."

The most damaging corroboration was testimony given by one Marilyn Sylstad who was at the wedding party which defendant attended at Fosston sometime between 10:30 and 11:30 that night. She stated:

"* * * [W]e were talking and he said there was quite a bit of traffic and he said that there had been a jewelry robbery earlier that evening, he didn't say the time or anything that I can recall."

Defendant's only explanation of this conversation was given on cross-examination prior to the time Miss Sylstad took the stand. He denied having made the statement to her but admitted he "presumed that there had been a robbery or some trouble" in Crookston because he had been interrogated by a deputy sheriff who was accompanied by a city policeman.

---

[3] State v. Rasmussen, 241 Minn. 310, 313, 63 N. W. (2d) 1, 3; State v. Sorg, 275 Minn. 1, 5, 144 N. W. (2d) 783, 786.

Finally, the deputy sheriff testified in the manner already related. He stated that shortly before 11 he drove to the Delage farm, saw the defendant's car with its lights out, and interrogated him as to the reason for his being there. The sheriff said that at the same time he observed a car driven by Raymond Delage either immediately preceding or immediately following the defendant. In the light of all this testimony, we are of the opinion there was adequate corroboration from which a jury could find that defendant was in the company of his brothers-in-law at the time and place of the burglary. The judgment is therefore affirmed.

Affirmed.