STATE v. CARL COOPER.

206 N. W. 2d 356.

April 6, 1973—No. 43399.

*C. Paul Jones,* State Public Defender, and *Mollie G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Olson, JJ.

O. RUSSELL OLSON, JUSTICE.*

Defendant, convicted by a jury of murder in the second degree, Minn. St. 609.19, and attempted aggravated robbery and aggravated robbery, Minn. St. 609.17 and 609.245, and sentenced for an indeterminate term of 0-40 years on the conviction of murder in the second degree, appeals from the judgment of conviction.

The questions presented on this appeal are:

(1)   Does the evidence support a finding of "intent to effect the death" of a person, an essential element of murder in the second degree?

(2)   Was there sufficient corroboration of the accomplice's testimony?

(3)   Did the court's jury instructions constitute an improper and prejudicial comment on the evidence?

Shortly after midnight on August 21, 1970, a robbery and shooting occurred at a grocery store located in Minneapolis. An eyewitness observed two men wearing nylon stockings over three-quarters of their faces and carrying pistols enter the store. The intruders demanded money of the proprietor. The proprietor lunged at the shorter of the two intruders and after a brief struggle was shot twice with a .22-caliber pistol. He was shot once in the face and once in the midsection, and his death resulted.

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

The robbers took $15 to $20 from the eyewitness and fled in an automobile. Several customers witnessed the robbery, and some observers outside the store immediately notified the police. A police patrol car located nearby pursued the men and after intermittent visual surveillance apprehended defendant and one Scott Munson in a parking lot a few blocks from the scene. Munson was apprehended in the automobile while defendant was found hiding in some weeds in a corner of the lot. Munson decided to plead guilty to murder in the third degree, and he testified for the state that he had participated in the robbery; that defendant was his accomplice; and that defendant was the man who had shot decedent during the struggle in the grocery store.

1. In this state, murder in the second degree is causing death of a person, without premeditation, but with "intent to effect the death." Minn. St. 609.19. Defendant claims there is insufficient evidence to support such a jury finding and that he should be convicted only of third-degree murder under the traditional felony-murder doctrine in which "intent to effect the death" is absent.

We do not agree with defendant's contention. Assuming for the moment that the first shot from the gun was fired unintentionally in the fight with the robbery victim, the firing of the second shot clearly supports a finding of intent to effect death: (a) The victim was struck in the midsection by the second shot whereas the first shot was above that, in the head; it is difficult to understand how the second shot could be accidental in such a sequence of shots, (b) a definite time interval elapsed between the two shots according to the closest eyewitness, Mr. Thostenson, who testified "he [defendant] kind of grit his teeth and pointed the gun at the stomach" before firing the second shot, and (c) gunpowder burns were discovered around the wound in the decedent's head, indicating that the first shot had been fired from very close range, while there were no such burns around the stomach wound, indicating that the second shot had been fired from a greater range. Additionally, an eyewitness

testified that before the second shot the victim fell to a sitting position with his back resting against some bottles. There was also evidence that the first shot was fired intentionally (and not accidentally while committing a felonious robbery). The eyewitness indicated defendant "overpowered" the victim, "turned the gun," and fired the first shot. State v. Campbell, 281 Minn. 1, 161 N. W. 2d 47 (1968), is a Minnesota case involving a robbery not dissimilar in many respects to that in the instant case. In that case this court upheld a conviction of first-degree murder, which involves the element of premeditation in addition to the element of intent to effect death.

2. There was sufficient corroboration of the accomplice's testimony. Minn. St. 634.04 specifically provides that a conviction cannot be had upon the testimony of an accomplice unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense. However, the corroboration required by § 634.04 need not be of sufficient weight to establish a prima facie case for conviction. It is sufficient that circumstantial evidence clearly implicates the defendant in the crime. State v. McGlynn, 292 Minn. 405, 195 N. W. 2d 583 (1972) ; State v. Stave, 280 Minn. 269, 158 N. W. 2d 848 (1968). After a chase of 2 to 3 blocks within minutes of the crime, defendant alighted from a car exactly matching the description of the automobile in which the robbers fled; less than 100 feet from that car, defendant was found hiding in some weeds; he was clad in an Army fatigue jacket (similar to the gun-firing robber's apparel) with a knotted nylon stocking in his possession (similar to that used as a mask by the robbers) ; and two .22-caliber cartridges were found on defendant's person. The prosecutor and the law-enforcement investigators marshaled excellent proof independent of the accomplice's testimony.

3. There was no error in the court's instructions. The trial judge stated:

"As I have said, murder in the second degree is a lesser included offense under the evidence in this case."

Defendant claims the phrase "under the evidence in this case" singled out murder in the second degree as warranted by the evidence indicating the court's approval of the jury's rendering that verdict.

We do not agree. The instructions read as a whole make it clear the trial judge correctly instructed on all three of the possible murder verdicts, carefully outlining the required elements in each of the three and carefully pointing out the elements which differentiate those three types of murder. In addition, the trial judge cautioned the jury:

"* * * If I have said or done anything which might seem to indicate any view that I might entertain, you are instructed to disregard that intimation."

If the first recited statement, standing alone, was subject to misinterpretation by the jury, it clearly was not misleading in the full context of the instructions to the jury. There was no objection by defense counsel. State v. Weber, 272 Minn. 243, 137 N. W. 2d 527 (1965) ; State v. Billington, 241 Minn. 418, 63 N. W. 2d 387 (1954). Cf. State v. Wilson, 238 Minn. 447, 57 N. W. 2d· 412 (1953).

Affirmed.