STATE v. ROBERT JUNIOR NELSON.

217 N. W. 2d 769.

April 26, 1974—No. 44438.

C. *Paul Jones,* State Public Defender, and *David G. Roston,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant appeals from a conviction for aggravated robbery, Minn. St. 609.245, contending that as a matter of law the evidence was insufficient to corroborate the testimony of an accomplice under § 634.04.

Minn. St. 634.04 provides as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

Whether corroborating evidence is sufficient is a question which this court has frequently considered. The test is not whether it establishes a prima facie case but whether it tends in some reasonable degree to confirm the truth of the accomplice's testimony as to defendant's guilt. See, e. g., State v. Cooper, 296 Minn. 48, 206 N. W. 2d 356 (1973).

In this case the state produced evidence that two men participated in the crime, the accomplice whose participation in the robbery itself was limited to playing the role of an innocent hostage, and the robber who wore a nylon stocking face mask and brandished a gun. The accomplice, testifying for the state pursuant to a grant of immunity, identified defendant as the man wearing the mask. The question here is whether there was sufficient evidence to corroborate that testimony.

The evidence which independently points to defendant's guilt is the eyewitness identification testimony. One witness testified that she could see the robber's features through the mask and that they resembled those of defendant. A second witness based his identification on the similarity of defendant's facial features, his voice pitch, and an eyebrow twitch.

Defendant argues that neither witness actually saw the robber's face through his mask. Were the question whether this testimony alone was sufficient to support a conviction, we might have some hesitation in affirming. However, the test is whether the corroboration was adequate to justify a finding that the accomplice's testimony was trustworthy. We believe that the identification testimony of the two eyewitnesses was sufficient.

Affirmed.