STATE v. DANIEL J. LaJAMBE.

219 N. W. 2d 917.

June 28, 1974—No. 44466.

*Kief & Duranske* and *Paul A. Kief,* for appellant.

540

*Warren Spannaus,* Attorney General, *Douglas W. Cann,* County Attorney, and *Frederick R. Weddel,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, found guilty by a district court jury of theft and burglary and sentenced by the presiding judge to imprisonment for an indeterminate term, contends on this appeal from the judgment of conviction and from the order denying his motion for a new trial that (1) the trial court committed prejudicial error in admitting evidence of certain extrajudicial declarations of an alleged coconspirator, (2) the trial court committed prejudicial error in refusing to give a requested instruction concerning the reason for the rule requiring corroboration of an accomplice's testimony, and (3) there was, as a matter of law, insufficient evidence corroborating the accomplice's testimony. We affirm.

■ The rule is well established that evidence of extrajudicial declarations of one coconspirator, made during the pendency of the conspiracy and in furtherance of it, is admissible against every other conspirator, including those who joined the conspiracy later, provided that the prosecution lays a foundation for its admission by independent prima facie proof. See, e.g., State v. Thompson, 273 Minn. 1, 139 N. W. 2d 490, certiorari denied, 385 U. S. 817, 87 S. Ct. 39, 17 L. ed. 2d 56 (1966).

In the instant case, defendant admits that there was sufficient proof of a conspiracy from October 31 to November 2, 1972, the date of the crime, but argues that there was inadequate proof of a conspiracy prior to October 31 and that therefore statements made by coconspirators prior to October 31 should not have been admitted against him. This is really a two-part argument, the first part being that there was no evidence of a conspiracy prior to October 31 and the second part being that even if there was such evidence, it was insufficient because it was hearsay evidence and hearsay cannot "lift itself by its own bootstraps to the level of competent evidence." Glasser v. United States, 315 U. S. 60, 75, 62 S. Ct. 457, 467, 86 L. ed. 680, 701 (1942).

We do not accept defendant's contentions. We believe first that there was evidence of the existence of a conspiracy prior to October 31. Indeed, the evidence suggests that as early as the spring of 1972, there was at least a tentative agreement on the part of two people, Bruce Roche and Dave Popken, to commit the offense. We believe further that the "bootstraps" argument relied upon by defendant has no application to the case where, as here, one of the coconspirators himself takes the stand and testifies to the existence of the conspiracy. As stated in

Levie, *Hearsay and Conspiracy*, 52 Mich. L. Rev. 1159, 1176, "A foundation proved by testimony on the stand by a co-conspirator is adequate, for the accused has not been denied his rights of cross-examination, oath and confrontation." See, also, State v. Binder, 190 Minn. 305, 251 N. W. 665 (1933). Here, Wayne Ensrud, one of the early participants in the plan to commit the crimes, provided all of the testimony concerning the existence of the conspiracy and was cross-examined thoroughly by defense counsel.

However, even were we to agree with defendant that the trial court erred in admitting any of the evidence in question, we would be compelled to hold that the error did not prejudice defendant. This is because none of the evidence in question mentioned defendant or in any way connected him to the offenses. The case is similar in this respect to State v. Zabrocki, 194 Minn. 346, 260 N. W. 507 (1935), in which this court held that the erroneous admission against a defendant of a narrative statement made by a coconspirator after the conspiracy ended did not prejudice defendant because the statement did not mention defendant or tend to connect him to the conspiracy.

■ Defendant's second contention is that the trial court committed prejudicial error in refusing to give this requested instruction: "Corroboration is required because the testimony of an accomplice is considered inherently untrustworthy, primarily for the reason that he may testify against defendant in the hope of obtaining clemency for himself."

It is a settled rule that the trial court must give cautionary instructions to the jury concerning the weight of the testimony of accomplices. State ex rel. Jeffrey v. Tessmer, 211 Minn. 55, 300 N. W. 7 (1941). That is, the trial court must instruct the jury that the testimony of an accomplice, even if believed, is not alone of sufficient weight to justify a conviction but that it must be corroborated by other evidence linking defendant to the crime alleged. However, we are aware of no case holding that the trial court must instruct the jury as to the basis for the rule, which is, as defendant states, that the credibility of an accomplice is considered inherently untrustworthy. Nor are we inclined to so hold.

■ Defendant's third and final contention is that there was, as a matter of law, insufficient evidence to corroborate Ensrud's testimony. Applying the proper test—that is, not whether the evidence independently pointing to defendant's guilt would be sufficient to establish a prima facie case but whether it tends in some reasonable degree to confirm the truth of the accomplice's testimony as to defendant's guilt, State v. Cooper, 296 Minn. 48, 206 N. W. 2d 356 (1973)—we have concluded that there was sufficient evidence corroborating the testimony

of the accomplice and coconspirator, Wayne Ensrud, as to defendant's guilt.

Affirmed.