**STATE of Minnesota, Respondent,**

v.

**John Thomas SCANLON, Appellant.**

No. 47818.

Supreme Court of Minnesota.

June 16, 1978.

---

C. Paul Jones, Public Defender, Robert Oliphant, Sp. Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, David W. Larson and Lee W. Barry, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

Defendant, who was found guilty by a district court jury of aggravated robbery, Minn.St. 609.245, and sentenced by the trial court to a maximum 20-year prison term, appeals from judgment of conviction. We affirm.

Defendant's first contention is that his arrest was illegal. There was no evidence at defendant's trial the admissibility of which was dependent on the validity of the arrest. Apparently defendant raises the issue only in an attempt to challenge the jurisdiction of the court over his person. However, defendant did not comply with Rule 10.02, Rules of Criminal Procedure, which requires that notice of motion attacking the jurisdiction of the court must be made within 7 days after entry of the not guilty plea or the challenge is deemed waived. Although the contention that the arrest was illegal does not seem to have merit, we need not decide the matter.

Defendant's second contention is that the trial court erred in admitting hearsay statements of alleged coconspirators. The rule is that evidence of extrajudicial declarations of one coconspirator, made during the pendency of the conspiracy and in furtherance of it, is admissible against any of the other coconspirators provided the prosecutor lays a foundation for its admission by independent prima facie proof. Here, as sanctioned by *State v. LaJambe,* 300 Minn. 539, 219 N.W.2d 917 (1974), the foundation was provided by the testimony of the coconspirator.

The third issue relates to a statement by the prosecutor in the closing argument which was not based on the evidence. Although denying a mistrial, the trial court agreed that statement was improper and offered to immediately give a specific in-

struction directing the jury to disregard the statement. The instruction was not then given because of defense counsel's objection. In its final instructions, however, the trial court carefully instructed the jury to disregard any statements by counsel not based on the evidence. We have examined the record and conclude that the trial court did not improperly handle the matter and clearly no prejudice to defendant's substantial rights resulted.

Defendant's final contention, that there was insufficient evidence corroborating the testimony of the accomplice who implicated him, is without merit.

Affirmed.