*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2157**

State of Minnesota,
Respondent,

vs.

Larry Maurice Taylor,
Appellant.

**Filed November 30, 2015
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CR-13-322

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Rodenberg, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant Larry Maurice Taylor appeals his conviction of one count of controlled-substance crime in the third degree (sale) in violation of Minn. Stat. § 152.023, subd. 1(1)

(2010). Appellant argues that the district court erred in admitting an unredacted photograph that the court had previously ruled would not be admissible should the case be tried to a jury. Because appellant stipulated to the admission of the unredacted photograph, we affirm.

## FACTS

On August 24, 2012, Minneapolis police officers observed appellant in an area, where there had been numerous complaints of criminal activity. While working as part of an undercover operation, Sergeant Sara Metcalf observed appellant walking back and forth, meeting with several different people for a few seconds each, and then walking away. Sergeant Metcalf approached appellant and overheard him tell another man to "get me a ten." When Sergeant Metcalf approached appellant and asked for a "twenty," a street term for an amount of crack cocaine, appellant said he could not give it to her in the open, and directed her to meet him at a nearby bus shelter. Sergeant Metcalf met appellant at the bus shelter and gave him $20 in pre-recorded buy money in exchange for what was later determined to be 0.10 grams of crack cocaine. When Sergeant Metcalf returned to her office, she confirmed appellant's identity by reviewing Minnesota Repository of Arrest Photos (MRAP) photographs. Appellant was arrested later and charged with third-degree sale of a controlled substance.

Appellant initially requested a jury trial. Before trial, appellant moved to exclude from evidence information typed beneath an MRAP photograph of him. Appellant's name, gang affiliations, previous convictions, and date of birth had been typed below his picture. The photograph did not show appellant in prison garb and was otherwise

2

unremarkable. The district court determined that the photograph was admissible if "the photograph that's provided to the jury is redacted so that [the prior convictions, date of birth, and gang affiliations are removed]."

After the district court granted the motion, and apparently to take advantage of a plea bargain offered to him by the prosecutor that would expire once jury selection began, appellant agreed to a trial on stipulated facts under Minn. R. Crim. P. 26.01, subd. 3 (2014). The case was submitted to the district court "on the police reports, the audio and photographs and the BCA report." Appellant's lawyer asked him:

> Q. In other words, you're going to stipulate to the reports, the police reports, correct?
> A. Uh huh.
> Q. The photographs?
> A. Yes.

Neither appellant nor the state clarified whether the photographs submitted to the district court would be redacted. The district court received the photographs and other documents without objection. It found appellant guilty and sentenced him.[1] This appeal followed.

**D E C I S I O N**

"Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion." *State v. Amos*, 658 N.W.2d 201, 203

---

[1] It seems doubtful that the process used at the district court was truly a trial on stipulated facts under rule 26.01, subd. 3. Instead, appellant appears to have stipulated to a "body of evidence." *See State v. Dereje*, 837 N.W.2d 714, 720-21 (Minn. 2013) (distinguishing between trials on stipulated facts versus those on stipulated evidence). The parties have briefed the issues as if the district court had conducted a court trial as characterized by *Dereje*, and we consider and decide the issues as presented by the parties in their briefing.

(Minn. 2003). "A court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 792 N.W.2d 831, 833 (Minn. 2011) (citation omitted).

The threshold question of whether a district court should admit any evidence is relevance. *State v. Tanksley*, 809 N.W.2d 706, 709 (Minn. 2012); *see* Minn. R. Evid. 402 (2014) ("Evidence which is not relevant is not admissible."). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Minn. R. Evid. 401 (2014). Relevant evidence is generally admissible, but may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Minn. R. Evid. 403 (2014); *State v. Stewart*, 514 N.W.2d 559, 565 (Minn. 1994). Under Minn. R. Evid. 403, unfair prejudice results from "evidence that persuades by illegitimate means, giving one party an unfair advantage." *State v. Schulz*, 691 N.W.2d 474, 478 (Minn. 2005).

The Minnesota Supreme Court has recognized the potentially prejudicial nature of booking photographs. *State v. McAdoo*, 330 N.W.2d 104, 107 (Minn. 1983) ("[T]he main reason for generally excluding police photographs is that the jurors might infer from them that the defendant has been involved in prior criminal conduct.)." However, when the identity of the perpetrator of a crime is disputed, booking photographs may be admissible to prove identity. *Id.*

Generally, evidence used to show that a defendant in a criminal trial has bad character is not admissible unless evidence of good character is first offered by the

4

defendant. Minn. R. Evid. 404(a)(1) (2014); *State v. Sharich*, 297 Minn. 19, 23, 209 N.W.2d 907, 911 (1973). Evidence of prior convictions and gang affiliations are evidence of bad character. *State v. Ferguson*, 804 N.W.2d 586, 601 (Minn. 2011); *State v. Spriegl*, 272 Minn. 488, 493, 139 N.W.2d 167, 171 (1965); *see State v. Doty*, 167 Minn. 164, 166, 208 N.W. 760, 761 (1926) ("The danger of it is that a jury may convict because, though guilt of the crime charged is not proved, it is satisfied to convict because of other crimes.").

Appellant does not contend that the image contained on the MRAP photograph was either irrelevant or unfairly prejudicial. Identity was disputed and, as noted above, the photograph itself is unremarkable. Instead, appellant argues that the information typed below his picture concerning gang affiliation and his previous convictions is unfairly prejudicial. Appellant argues that the information "served no other purpose than to portray him as a person of bad character who deserved punishment."

The state concedes that the exhibit's relevance was limited to the identification value of the photograph. The image on the photograph shows appellant how he appeared during the incident: he had a scarred face, a twisted goatee, and long hair. The state intended to offer the photograph at trial because the officer would have testified that she "confirmed the identity of the person by looking at these photos." The photograph's image is relevant to the issue of identity because appellant, appearing similar to the man in the photograph, was apprehended a short period after his encounter with officers ended. The image itself was not unduly prejudicial and was properly admitted by the district court.

Nevertheless, even though the photograph was admissible, the information typed below it was not. To the limited extent that a criminal record or gang affiliation might be relevant to identity, its value is substantially outweighed by the danger of unfair prejudice. As the district court's pretrial order recognized, a fact-finder might easily misuse a criminal record. Instead of considering the evidence for the limited purpose of identification, the fact-finder could use it to conclude that appellant is a person worthy of punishment. And the information beneath the photograph was not admissible as character evidence because appellant did not present evidence of his character. Minn. R. Evid. 404(a)(1). Because the state's photograph contained improper character evidence, the unredacted photograph was inadmissible. The district court correctly ruled that this information could not be "provided to the jury."

But appellant waived his right to a jury trial and instead opted to submit the case to the court for a decision on stipulated evidence. And in that context, appellant stipulated to the admission of the unredacted photograph. Generally, "[a] 'stipulation' is defined as '[a] voluntary agreement between opposing parties concerning some relevant point; [especially] an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding.'" *See Dejere*, 837 N.W.2d at 720 (quoting *Black's Law Dictionary* 1550 (9th ed. 2009)). Similarly, "[a] stipulated fact is . . . agreement between opposing parties regarding the actual event or circumstance." *Id*. Because appellant stipulated to the receipt of the unredacted photograph, we review the district court's receipt of it for plain error. *See State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998) (applying plain error review of admission of evidence without objection). "The

6

plain error standard requires that the defendant show: (1) error; (2) that was plain; and (3) that affected substantial rights." *State v. Strommen*, 648 N.W.2d 681, 686 (Minn. 2002) (internal citations omitted).

Appellant cannot demonstrate that the district court plainly erred. When appellant waived his jury-trial right and agreed to a court trial based on the state's evidence, he agreed to the district court receiving the state's evidence, including the disputed evidence beneath the photograph. When this agreement was made, appellant did not renew his objection regarding the MRAP photograph. Instead, he agreed to admission of the photograph, and the typed information beneath it, without objection. He cannot now assert as error on appeal the district court's receipt of evidence to which he stipulated. The district court did not plainly err in receiving the unredacted photograph.

Because we find no plain error, it is not necessary to determine whether any error affected appellant's substantial rights.[2]

**Affirmed.**

---

[2] Although it is not necessary to our decision, we observe that the district court had previously ordered the information beneath the photograph be redacted before it was "provided to the jury." The district court's ruling evidences its recognition that the gang-affiliation, criminal history, and other information on the photograph were improper for consideration by the fact-finder in resolving the disputed issue of identity. The district court, having so ordered, doubtless disregarded the gang-affiliation and other inadmissible information.